```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ANTHONY CALVARUSO,

                        Plaintiff,           MEMORANDUM & ORDER
                                             12-CV-1002(JS)(AKT)
        -against-

WORLD ALLIANCE FINANCIAL CORP. d/b/a
VERTICAL LEND, CREDIT CARD MANAGEMENT
SERVICES, INC., REVERSE MORTGAGE
SOLUTIONS, INC., and CHRISTOPHER P.
RINGSTON,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:          Glenn T. Nugent
                        31 Greene Avenue
                        Amityville, NY 11701

For Defendants:
Credit Card Mgmt.       Steven A. Weiner, Esq.
Servs., Inc.            O'Toole Fernandez Weiner Van Lieu, LLP
                        60 Pompton Avenue
                        Verona, NJ 07044

World Alliance Fin.     No appearances.
Corp., Reverse Morg.
Solutions, Inc. &
Christopher Ringston
```

SEYBERT, District Judge:

On March 5, 2012, this Court ordered Plaintiff Anthony Calvaruso ("Plaintiff") to show cause why his Complaint should not be dismissed for lack of subject matter jurisdiction. Plaintiff failed to timely respond to the Court's Order. Accordingly, and for the following reasons, Plaintiff's Complaint is hereby DISMISSED.

## BACKGROUND

Plaintiff commenced this action on March 1, 2012 against Defendants World Alliance Financial Corp. d/b/a Vertical Lend, Credit Card Management Services, Inc., Reverse Mortgage Solutions, Inc., and Christopher P. Ringston (collectively, "Defendants") "seeking a rescission of a reverse mortgage given by Plaintiff." (Compl. ¶ 1.)

The Complaint asserts that this Court has subject matter jurisdiction "over the federal claim pursuant to 28 U.S.C. § 1331 as the action arises under the laws of the United States," and "over the state claims pursuant to 28 U.S.C. § 1367 as the state claims are so related to the federal claims that they form part of the same case or controversy under Article III of the U.S. Constitution." (Compl. ¶ 2.) However, the Complaint only appears to assert New York state law claims: violations of N.Y. REAL PROP. ACTS. LAW § 1501 and N.Y. GEN BUS. LAW § 349 and common law claims for fraud, aiding and abetting fraud, civil conspiracy to commit fraud, negligence, and breach of contract. In fact, the first paragraph of the Complaint states that: "This action is brought seeking rescission of a reverse mortgage given by Plaintiff, for Common law claims of Fraud, Conspiracy to Commit Fraud, Aiding and Abetting Fraud, Negligence and Malpractice." (Compl. ¶ 1.) Thus, the Complaint itself even recognizes that it contains no federal claims.

2

On March 5, 2012, the Court ordered Plaintiff to show cause within thirty days why his Complaint should not be dismissed for lack of subject matter jurisdiction. More than thirty days have passed, and the Court has yet to receive a response from Plaintiff.

### DISCUSSION

"If subject matter jurisdiction is lacking . . . , the court has the duty to dismiss the action sua sponte." Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62-63 (2d Cir. 2009); see also FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." (emphasis added)). As the Complaint fails to assert a cause of action created by federal law and there is no complete diversity of citizenship, the Court finds that it lacks subject matter jurisdiction.

### CONCLUSION

For the foregoing reasons, this action is DISMISSED for lack of subject matter jurisdiction. The Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: April 24, 2012
Central Islip, NY